449 P.2d 971

**The STATE of Arizona, Appellee,**

**v.**

**Valentine de ANDA, Appellant.**

**No. I CA-CR 167.**

Court of Appeals of Arizona.

Jan. 30, 1969.

Rehearing Denied Feb. 28, 1969.

Review Denied April 1, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Ross Anderson, Phoenix, for appellant.

THURMAN, Judge of the Superior Court (retired).

In this criminal case the State of Arizona charged the Appellant, Valentine de Anda, with possession of heroin and possession of marijuana. The Appellant was arrested with his wife in Phoenix, Arizona, after the execution of a search warrant disclosed alleged heroin and marijuana in his home. The Appellant plead not guilty and filed several motions to suppress the evidence obtained as a result of the search warrant. Trial was held without a jury and the Appellant was found guilty on each count and was sentenced to from two to three years at the Arizona State Prison, each sentence to run concurrently. The Appellant appeals the judgment and the sentence.

## STATEMENT OF FACTS

A police officer for the City of Phoenix, on October 5, 1966, pursuant to information he allegedly received from a secret confidential informant obtained from the East Phoenix Justice of the Peace a search warrant which directed him to search the home of the Appellant located at 1119 East Buckeye Road in Phoenix, Arizona. At approximately 9:30 p. m. that night, Officer Quinonez along with eight other law enforcement officers executed the search warrant at the home of the Appellant. They found what they believed to be heroin and marijuana. The Appellant and his wife were arrested for possession of marijuana and heroin and possession of marijuana and heroin for sale.

At the preliminary hearing the charge of possession of heroin and marijuana for sale was dismissed. The Appellant was bound over to Superior Court on the remaining charges. He presented a motion to suppress in Superior Court and after a considerable delay this motion was denied. A trial without a jury was held. Just prior to the trial commencing a new motion to suppress on additional grounds and authority was presented to the Court. This motion was taken under advisement and the trial proceeded. At the conclusion of the State's case, the Appellant insisted that there be a ruling on his motion to suppress and his motion for directed verdict. Both matters were taken under advisement.

From there on the Transcript of the Proceeding is very hazy and indefinite.

The Court by a minute entry found against the Appellant on the motion to suppress and motion for directed verdict and found the Appellant guilty of Count One and Count Two of the Information, during Appellant's absence from the Court. A motion for new trial was presented but was denied. The Appellant was sentenced to from two to three years at the Arizona

State Prison on each count to run concurrently.

The Appellant has presented to us the following questions for review:

1. Can an affidavit for search warrant which does not set out reliability of informant support a search warrant?

2. Can an affidavit for search warrant which does not set out facts that contraband is in a home support search warrant for residence?

3. Does failure to adhere to statutory procedural requirements in disposal of seized property render such material inadmissible?

4. Does failure to adhere to statutory procedural requirements that an affidavit must be made on return of inventory on search warrant render such material inadmissible?

5. Whether the trial court erred in finding Appellant guilty in his absence.

6. Whether the trial court erred in entering a finding of guilty in absence of evidence being presented by appellant after denial of motion for directed verdict at close of State's case.

We find from the record in this case that the said police officer in application for the search warrant related to the Justice of the Peace the following facts.

That the officers of the Phoenix Police Department had the premises at 1119 East Buckeye Road address, the bar and the house, under surveillance for some time; that they had seen known users of heroin and marijuana enter this bar—house; that further they had had information that the Defendant de Anda was dealing in marijuana and heroin for some time; that the police officer further informed the Justice of the Peace that the confidential informant to whom he had talked had just come from and seen de Anda bring heroin out of the house and into the bar; and also that this informant had previously given information to Officer Quinonez which had led to nine arrests and confiscations of contraband and also to three convictions out of these nine arrests; and that at least the other six cases out of nine arrests, were still pending.

That within the past two days, the informant had seen de Anda bring marijuana from the rear house into the bar and that on previous occasions, he had personally seen de Anda in the house at 1119 East Buckeye Road, with marijuana.

This information was not accidental, fortuitous, occasional, uncertain or indefinite. We find it to be definite, with design and plan.

Immediately after the police officer had given the above information to the Justice of the Peace he was then placed under oath by the Justice of the Peace and testified as to the truth of the affidavit and the search warrant.

The search warrant contained the address of the premises to be searched, which premises were then set forth in the information given to the Justice of the Peace by the police officer. Likewise the affidavit contained matters referring to the information given by the police officer to the Justice of the Peace.

Taking the whole picture into consideration we find the search warrant was legally issued and therefore the search of the premises in question was legal.

Therefore, the evidence so obtained was not inadmissible.

The Appellant raises the question in this appeal that: Does failure by the Justice of the Peace to follow the statutory procedure on disposal of the property taken by search warrant render it invalid? We feel it might in some cases, but not in this case for the Justice of the Peace never lost control of the said property. The officers to whom the Justice of the Peace delivered the many separate exhibits of narcotics were her agents for a specific purpose.

We find that the actions of the Justice of the Peace in this matter were logical and proper as well as necessary.

It is clear from the record that there were a great number of items taken under the authority of the search warrant and each of said items were read off to the Justice of the Peace who inspected them and the items were then marked down on the search warrant. This was all done in the presence of the Justice of the Peace after which she ordered the police to take the items for safekeeping and also to turn them over to the chemist.

There is nothing in the record to show that the items had been tampered with in any way whatsoever before the trial except to be subjected to proper chemical tests.

We therefore find that the manner in which the Justice of the Peace handled the said items was legally done.

As to Appellant's Question No. 4: "Does failure to make affidavit on inventory void search warrant?"

Since the Justice of the Peace personally examined each item and was present at the time they were marked upon the search warrant after the items had been examined by the Justice of the Peace and she signed the return, an affidavit under this fact situation would have been superfluous. In fact the detailed way the matter was handled was more than tantamount to an oath under the affidavit.

So far the Appellant has been grasping at floating straws, but as to his question No. 5 we feel he has grasped a floating log upon which to survive.

We find that the trial court did err in finding the Appellant guilty in his absence as the Defendant should have been present in the Court at the time of the finding.

We also find that the motion for a directed verdict or for a finding of not guilty should have been ruled upon and thereafter the Defendant should have been given the election to rest or to proceed with his evidence

We therefore rule that the Appellant is entitled to a new trial and such is ordered and granted.

CONCURRING:

DONOFRIO, C. J., and CAMERON, J., concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge E. R. THURMAN was called to sit in his stead and participate in the determination of this decision.