STATE of Iowa, Appellee,

v.

Catherine BRENDELAND, Appellant.

No. 86–450.

Supreme Court of Iowa.

March 18, 1987.

Jerry L. Jones, Ames, for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., Mary Richards, Co. Atty., and Paul Crawford, Asst. Co. Atty., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, WOLLE, LAVORATO, and NEUMAN, JJ.

NEUMAN, Justice.

Defendant Catherine Brendeland has appealed her conviction of the crime of operating while intoxicated, first offense, in violation of Iowa Code section 321.281 (1985). Her sole contention on appeal is that she was deprived of her rights to due process by reason of the trial court's failure to provide her with an initial appearance in accordance with Iowa Rule of Crim-

inal Procedure 2. Her challenge, raised in a pretrial motion to dismiss, was overruled by the district court on a variety of grounds including lack of timeliness, waiver and lack of prejudice. Passing on the merits of the State's timeliness argument, we affirm the trial court's decision on the latter grounds.

The facts are undisputed and may be briefly stated. At approximately 2 a.m. on September 26, 1985, police officers in Ames, Iowa, arrested the defendant for operating her motor vehicle while intoxicated. The arresting officer issued defendant an Iowa uniform citation and complaint and, upon defendant's written promise to appear, released her from custody and directed that she appear before the court at the Story County Courthouse, Nevada, Iowa, at 1:30 p.m. that same day. She appeared at the appointed time but court was not in session, nor had the complaint been filed with the clerk of court. A court order filed the following day scheduled her initial appearance for October 4, 1985.

Defendant hired an attorney who filed an entry of appearance and waiver of preliminary hearing on October 3, 1985. A court order captioned "Initial Appearance" noted "[D]efendant appears through counsel Greg Steensland in writing." A trial information filed October 16, 1985, was followed by defendant's written arraignment and plea of not guilty to the charge. The case was set for trial.

Prior to trial, defendant's original counsel withdrew from the case. Defendant's new counsel filed a motion to dismiss based on an alleged failure by the court to afford defendant the opportunity of personally appearing before a magistrate to be informed of the rights associated with an initial appearance under rule 2(2). It is from the trial court's denial of this motion that defendant appeals.

Iowa Rule of Criminal Procedure 2(1) provides that "[A]n officer making an arrest ... shall take the arrested person without delay before a committing magistrate...." Upon presentation before the magistrate, the arrested person is entitled to be informed by the court of the nature of the complaint, the defendant's right to retain counsel including appointment of counsel if indigent, and the conditions under which the defendant may secure pretrial release. Iowa R.Crim.P. 2(2). These statutory provisions arise out of a concern that incarceration be subjected to judicial oversight without delay. ABA Project on Standards for Criminal Justice, *Pretrial Release* § 4.1, at 43 (1968); *Mallory v. United States*, 354 U.S. 449, 452, 77 S.Ct. 1356, 1358, 1 L.Ed.2d 1479, 1482 (1957).

■ Defendant asserts that the "sanctified guarantees" of rule 2(2) were "ignored" in this case. The record, however, reveals circumstances surrounding defendant's arrest which obviated the need for a formal initial appearance.

First of all, the defendant was not incarcerated upon her arrest. Moreover, her written promise to appear was accepted by law enforcement officers in lieu of bail. No suggestion is made that she did not understand the nature of the complaint against her. Nor does it appear that she misunderstood her right to counsel, as counsel appeared on her behalf prior to the scheduled appearance date.

■ We are of the view that the foregoing fact situation demonstrates both waiver and lack of prejudice. Defendant was bound by her lawyer's filing of the waiver of preliminary hearing. *State v. LeFlore*, 308 N.W.2d 39, 41 (Iowa 1981); *State v. LaMar*, 224 N.W.2d 252, 254 (Iowa 1974). If, as defendant suggests, this waiver did not cover the initial appearance, the record fails to show that she suffered any prejudice. In the absence of prejudice, error is deemed harmless. *State v. Cole*, 295 N.W.2d 29, 40 (Iowa 1980); *State v. Trudo*, 253 N.W.2d 101, 107 (Iowa), *cert. denied*, 434 U.S. 905, 98 S.Ct. 299, 54 L.Ed.2d 189 (1977).

■ Even in cases involving alleged constitutional error, such error is not prejudicial if the court can declare a belief that the error was harmless beyond a reasonable doubt. *State v. Blackwell*, 238

N.W.2d 131, 137 (Iowa 1976); *State v. Lanphear*, 220 N.W.2d 618, 622 (Iowa 1974). While we entertain serious doubts about the alleged constitutional nature of the deprivation claimed in this case, defendant fails to show prejudice even under the *Blackwell* test. As we previously stated, the primary purpose of rule 2(2) is to prevent unlawful incarceration and to inform arrestees of their right to counsel. Since defendant was not incarcerated and had obtained counsel, nothing would have been accomplished by her appearance before a magistrate under rule 2(1). Thus we conclude that error in the proceedings, if any occurred, was harmless beyond a reasonable doubt.

AFFIRMED.