**COMMONWEALTH of Pennsylvania**
**Appellee,**

v.

**Roland HEMBREE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 10, 2000.

Filed April 18, 2000.

As Revised May 5, 2000.

David J. DeFazio, Glenshaw, for appellant.

Timothy F. McCune, Asst. Dist. Atty., Butler, for Commonwealth, appellee.

Before McEWEN, President Judge, LALLY–GREEN, J., and CIRILLO, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

¶ 1 Roland Hembree appeals from a judgment of sentence entered in the Court of Common Pleas of Butler County. We affirm.

¶ 2 On December 6, 1997, Hembree was charged with aggravated assault, resisting arrest, and two counts of disorderly conduct. A non-jury trial was held and Hembree was found guilty of one count of aggravated assault, one count of resisting arrest or other law enforcement, and one count of disorderly conduct. A copy of the verdict, memorandum opinion and order of court was mailed to Hembree on February 17, 1999.

¶ 3 Hembree filed post-verdict motions which were denied by the trial court. Sentencing was scheduled for March 22, 1999; however, Hembree filed a continuance and sentencing was rescheduled. Hembree filed another continuance of his sentencing hearing and motioned the court for judgment of acquittal. Sentencing was continued, pending the argument on Hembree's written motion for judgment of acquittal. Hembree's motion for acquittal was denied and the court sentenced him to a term of imprisonment of eighteen to thirty-six months. This appeal followed.

¶ 4 Hembree raises the following issue for our consideration:

[Whether] [t]he Honorable Trial Court committed error when it rendered its Verdict and findings of fact through the mail instead of in open [c]ourt, on the record and in the presence of the Appellant and thereby violating the Defendant's rights as guaranteed by Pa. R.Crim.P. 1120 and Pa.R.Crim.P. 1117(a), Article I, Section 9 of the Pennsylvania Constitution, as well as, the Fourteenth Amendment to the United States Constitution.

¶ 5 Article 1, Section 9 of the Pennsylvania Constitution and the Sixth Amendment of the United States Constitution provide that the accused has a right to be heard, the right to be confronted with the witnesses against him, and the right to a speedy public trial by an impartial jury. PA. Const. art. I, § 9; U.S. Const. amend. VI. Neither the Pennsylvania Constitution, nor the United States Constitution, guarantee a criminal defendant the right to receive criminal verdicts in open court; therefore, Hembree's rights, pursuant to Article 1, Section 9 of the Pennsylvania Constitution and the Sixth Amendment of the United States Constitution, were not violated. *Id.*

¶ 6 Hembree cites Pennsylvania Rule of Criminal Procedure 1117(a) to suggest that his presence in an open courtroom was mandatory for the non-jury verdict rendition. Rule 1117 provides in pertinent part:

The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict.

Pa.R.Crim.P. 1117. On February 8, 1999, Hembree freely and voluntarily waived his right to a jury trial pursuant to Pennsylvania Rule of Criminal Procedure 1101. *See* Pa.R.Crim.P. 1101 (providing that a defendant may waive a jury trial and elect to have the judge try the case without a jury, so long as defendant's waiver is knowing and intelligent). Presently, the Pennsylvania courts have not addressed the applicability of Pennsylvania Rule of Criminal Procedure 1117 when the defendant has waived his right to a jury trial.

¶ 7 Our rules of statutory construction make it clear that when interpreting a statute, the object is to ascertain and effectuate the legislative intent underlying the enactment of the statute. 1 Pa.C.S. § 1921(a). Additionally, where the words of a statute are clear and free from all ambiguity, the intent is to be ascertained from those very words. 1 Pa.C.S. § 1921(b). Only if a statute is unclear may a court embark upon the task of ascertaining the intent of the legislature by reviewing the necessity for the statute, the object to be attained, the circumstances under which it was enacted, and the mischief to be remedied. 1 Pa.C.S. § 1921(c).

¶ 8 A similar analysis is appropriate when applying the Pennsylvania Rules of Criminal Procedure:

These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay and as nearly as may be in consonance with the rules of statutory construction.

Pa.R.Crim.P. 2. Pennsylvania Rule of Criminal Procedure 1122 provides that "[a] verdict shall be rendered in all non-jury cases within 7 days after trial." Pa. R.Crim.P. 1122. This rule clearly sets forth the procedure to be followed when rendering a verdict in a non-jury trial.

▮ ¶ 9 In *Commonwealth v. Campbell,* 425 Pa.Super. 514, 625 A.2d 1215 (1993),

the appellant alleged that a delay of more than five months in returning a verdict, while he remained incarcerated, violated Pa.R.Crim.P. 1122, caused unnecessary prejudice, and required an arrest of judgment. The Commonwealth conceded that a technical violation of Rule 1122 occurred, but argued that the delay was "necessitated by the trial court's request for a transcript and by the court's *sua sponte* investigation into proceedings under the Mental Health Procedures Act as an alternative to an adjudication of guilt." *Id.* at 1220. This court held that:

[A] technical violation of the rule will not, standing alone, require that a defendant be discharged. Before a trial court delay will entitle a defendant to a discharge, it must appear that the defendant has been prejudiced by the delay. As the delay increases, however, the need to show a specific prejudice will decrease accordingly.

*Campbell, supra* at 1221.

¶ 10 In *Campbell,* the appellant remained incarcerated for more than five months before the trial court found him guilty of making a terroristic threat. This court determined that Campbell was prejudiced by the delay; therefore, the judgment of sentence was vacated and Campbell was discharged. This court further held:

We do not hold that any and all violations of Pa.R.Crim.P. 1122 will require that a defendant be discharged. It is highly unlikely that a delay of only a few days between trial and verdict would result in substantial prejudice to a defendant. Even a delay of several months may not be prejudicial where a defendant is free on bail while the trial court considers its verdict.

*Campbell, supra* at 1121.

¶ 11 In the present case, Hembree received his verdict in the mail within two days of his trial; therefore, the trial court acted in compliance with Pennsylvania Rule of Criminal Procedure 1122. Hem-

bree was not incarcerated during those two days and has not suffered any prejudice as a result of the delay.

 ¶ 12 Pennsylvania Rule of Criminal Procedure 1117 provides that "[t]he defendant shall be present ... at every stage of the trial including the impaneling of the jury." Pa.R.Crim.P. 1117. Because the Pennsylvania Supreme Court addressed the proper procedure for rendering a verdict in a non-jury trial in Rule 1122, we find that the Pennsylvania Supreme Court intended Rule 1117 to be applied to cases involving jury trials. Hembree waived his right to a jury trial; therefore, Rule 1122 should be applied to the present case.

■ ¶ 13 Additionally, Hembree argues that Pennsylvania Rule of Criminal Procedure 1120 has been violated. Rule 1120 provides in pertinent part:

(a) Upon retiring to deliberate, the *jury* shall select one of its members as foreman.

(b) The verdict shall be unanimous, and shall be announced by the foreman in open court in the presence of a judge, the attorney for the Commonwealth, the defendant and defendant's attorney, except as provided by Rule 1117.

Pa.R.Crim.P. 1120 (emphasis added).

¶ 14 Similar to Rule 1117, the Pennsylvania courts have not applied Rule 1120 in a non-jury trial. Pennsylvania Rule of Criminal Procedure 1120(a) provides that "the *jury* shall select one of its members as foreman," while subsection (b) requires the verdict to be "announced by the foreman in open court." Pa.R.Crim.P. 1117(a), (b) (emphasis added). Reading subsection (a) in conjunction with subsection (b), we find it is clear that the Pennsylvania Supreme Court intended Rule 1117 to be applied in cases involving jury trials. Because Hembree waived his right to a jury trial, we find Pennsylvania Rule of Criminal Procedure 1117 to be inapplicable.

¶ 15 Hembree received the verdict and the opinion of the court in the mail two days after his trial; thus, Hembree re-ceived his verdict within the seven-day period established by Pennsylvania Rule of Criminal Procedure 1122.

¶ 16 Judgment of sentence affirmed.