**STATE of Missouri, Respondent,**

v.

**Randy Eugene WOLFE, Appellant.**

**No. WD 61352.**

Missouri Court of Appeals,
Western District.

May 6, 2003.

Craig A. Johnston, State Public Defender Office, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, John Munson Morris and Dora A. Fichter, Attorney General Office, Jefferson City, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

Randy Wolfe appeals his conviction for the class D felony of sexual misconduct in the first degree, § 566.090, RSMo 2000, for subjecting a nine-year-old girl to sexual contact through her clothing.[1] After waiving his right to a jury trial, the court received a stipulation from the parties, statements of the victims and Wolfe, and the testimony of two police officers. The defendant did not testify at trial.

Wolfe raises a single point of error, claiming that the trial court plainly erred in violation of his constitutional rights by not announcing its finding of guilt in open court in this court tried case. We affirm.

The trial court concluded on February 26, 2002, and the court announced that it would review the evidence and notify the parties of its decision. The following day, the court made a docket entry denying motions for judgment of acquittal, finding Wolfe guilty, and finding that he was subject to sentence enhancement because of the prior felony conviction. A pre-sentence investigation was ordered and sentencing set for a later date. Neither Wolfe nor his counsel was present when the court made its docket entry finding appellant guilty. At the sentencing, the trial court referred to its earlier finding of guilt, asked if Wolfe had any questions, and sentenced him to five years in prison. No objection regarding the verdict was raised until appeal. Our review is thus limited to plain error review under Rule 30.20.

**Standard of Review**

Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or a miscarriage of justice has resulted therefrom. *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995); Rule 30.20. Manifest injustice is dependent upon the facts and circumstances of the particular case. *State v. Nolan*, 872 S.W.2d 99, 103 (Mo. banc 1994), *overruled in part on other grounds by Deck v. State*, 68 S.W.3d 418 (Mo. banc 2002). The party asserting plain error has the burden to show manifest injustice. *State v. Wise*, 879 S.W.2d 494, 520 (Mo. banc 1994).

**Analysis**

Wolfe argues that the failure to render the verdict in open court violates Article I, section 18(a) of the Missouri Constitution, sections 546.030 and 546.090, RSMo, and Rule 29.01. Article I, section 18(a) provides that an accused has the right to appear and defend in person. Section 546.030, RSMo, further details the nature of the right to be present and that the verdict may be received in the absence of the defendant if the absence is willful or voluntary.[2] Section 546.390, RSMo, requires that a verdict must be rendered in open court. *See also* Rule 29.01(a).

Wolfe also cites to *State v. Buckner*, 25 Mo. 167 (Mo.1857), where the court held that, under a statute substantially identical to section 546.030, RSMo,[3] it was a fatal

---

1. The offense was a felony because Wolfe had a prior conviction under Chapter 566. § 566.090.2, RSMo.

2. The State does not argue and we find that defendant's silence does not constitute a waiv-

er of a right to be present when the verdict is announced.

3. The one difference is that R.C. 1855 p. 1191 did not allow for the taking of a verdict in the absence of the defendant that was willful or

error to receive the verdict of the jury in the absence of the defendant. *Id.* at 172. Interestingly, the *Buckner* court made no reference to state constitutional provisions, even though a provision substantially similar to Article I, section 18 has been present in every Missouri constitution since 1820.

Apparently, in response to *Buckner* and its progeny, the legislature in 1879 adopted section 1891, the predecessor to today's section 546.030, RSMo. In *State v. Hope,* 100 Mo. 347, 13 S.W. 490 (1890), the Supreme Court evaluated that statute in light of Article 2, section 22, of the Missouri Constitution of 1875 (the predecessor to the current Article I, section 18(a)) and held that the statute did not conflict with the defendant's constitutional right to be present at his trial.[4]

As the law has continued to develop regarding the defendant's right to be present at various stages of a criminal proceeding, the Supreme Court has recognized three sources. They are: Section 546.030; Article I, section 18(a) of the Missouri Constitution; and the due process clause of the United States Constitution.[5] *State v. Middleton,* 998 S.W.2d 520, 525–26 (Mo. banc 1999).

■ No case in Missouri, cited to or found by us, expressly refers to a constitutional or statutory right of a defendant to be present at the pronouncement of guilt in a court-tried case. We assume, without

deciding, that the pronouncement of guilt or innocence in a court-tried case is such a significant and integral part of the trial [6] to be encompassed within the rights reflected in our constitution and statutes. However, the law is equally clear since *Hope* that the constitutional right is not absolute.

■ Our inquiry is whether the trial court committed plain error and whether a manifest injustice occurred. We believe no manifest injustice occurred here. One element of the right to be present is to request that the jury be polled to confirm that all agree with the verdict. Rule 29.01(d). We see no such polling being applicable in a court-tried case. Another, is to provide an opportunity to object to inconsistent or otherwise technically improper verdicts so that the jury can resume deliberations or, possibly, correct an error before discharge. Again, no such purpose applies in a court-tried case.

Wolfe relies upon *State v. De Anda,* 9 Ariz.App. 134, 449 P.2d 971 (1969), where the Arizona Court of Appeals found reversible error where the court rendered its verdict in the defendant's absence in a court-tried case. But the State points out that, in a later case, no error was found where the defendant was absent at the time of rendering of the judge's verdict but was present at the sentencing at which time the court reiterated its verdict. *State v. Cruz,* 27 Ariz.App. 44, 550 P.2d 1086 (1976). In accord is *Davis v. State,* 416

---

voluntary. In fact, Buckner had escaped between the close of the evidence and the jury's verdict.

4. *Hope* also traced the progeny of *Buckner* and the reasons for the 1879 statutory enactment. *See* 13 S.W. at 492.

5. Although Wolfe refers to the 6th and 14th Amendments in his point relied on, he does not develop any federal constitutional argument or point to any cases holding that those

amendments are violated by such a situation as occurred here.

6. In this area, it is important to remember the distinction between the trial itself and trial proceedings, or even some administrative parts of the trial, because the willingness to find waiver by either affirmative act or the failure to object is more likely as to certain pretrial or administrative matters. *See generally, Middleton,* 998 S.W.2d at 525.

918

So.2d 444 (Ala.Crim.App.1982), where the judge announced his finding of guilt at the sentencing hearing.

 We are also mindful of the remedy that would be applied here if we were to sustain Wolfe's argument. Unlike in a jury case, where the finder of fact has been discharged, the only arguable remedy in this case would be a remand for the purpose of the court's announcement of its finding of guilt in the defendant's presence and resentencing. *See United States v. Canady*, 126 F.3d 352, 360 (2nd Cir.1997). We should not issue a remand where it serves no useful purpose. *State v. Ervin*, 835 S.W.2d 905, 928 (Mo. banc 1992). The trial court told the defendant of its verdict and gave him an opportunity to ask any questions or make any objections. We find no manifest injustice in this case which is strictly limited to a bench-tried matter.

The judgment is affirmed.

PAUL M. SPINDEN, Judge, and JAMES M. SMART, JR., Judge, concur.