MANSFIELD, J.
(concurring specially).
I agree that the defendant’s convictions should be affirmed. However, I am unable to join part IV of the majority’s opinion.
Our language is capable of many things, but I do not believe it allows us to interpret the expression “find the facts specially and on the record” as the majority has done. The majority reasons that the specific phrase “on the record” means “orally and in the presence of the defendant.” However, construing the entire passage, the majority then goes on to say that it does not require the judge to tell the defendant what facts the judge has found. The judge only needs to tell the defendant what his or her verdict is. So according to the majority, “find the facts specially and on the record” really means “tell the defendant orally in person what the verdict is.” This insupportable rule interpretation is justified by the existence of a “possible” constitutional right not to be mailed the judge’s verdict in a bench trial. I do not believe such a constitutional right exists, but in any event, the majority acts inappropriately in not addressing the constitutional question head-on and instead resorting to a contorted rule interpretation. See In re Young, 780 N.W.2d 726, 729 (Iowa 2010).
The principle that we interpret statutes to avoid unconstitutional results should be used judiciously. It is only a rule of construction and only one of several such rules. See Iowa Code § 4.4(1) (2007) (stating that “[i]n enacting a statute, it is presumed that ... [cjompliance with the Constitutions of the state and of the United States is intended”). When we rely on that rule to reach an implausible interpretation when the more plausible interpretation would also be constitutional, as it is here, we are reshaping what the legislature gave us and exceeding our proper role.
I. The Meaning of “Find the Facts Specially and On the Record.”
The phrase “on the record” is used at seven different places in the Iowa Rules of Criminal Procedure — rule 2.2(4)(a), rule 2.2(4){d), rule 2.11(8), rule 2.17(1), rule 2.17(2), rule 2.23(3)(d), and rule 2.73(3).
Rule 2.2(4)(a) states in part:
Preliminary hearing. The magistrate shall inform the defendant of the right to a preliminary hearing unless the defendant is indicted by a grant jury or a trial information is filed against the defendant or unless preliminary hearing is waived in writing or on the record.
(Emphasis added.)
Rule 2.2(4)(d) states in part:
Private hearing. Upon defendant’s request and after making specific findings on the record that: (1) there is a substantial probability that the defendant’s right to a fair trial will be prejudiced by publicity that closure would prevent and, (2) reasonable alternatives to closure cannot adequately protect the defendant’s fair trial rights, the magistrate may exclude from the hearing all persons except the magistrate, the magistrate’s clerk, the peace officer who has *24 custody of the defendant, a court reporter, the attorney or attorneys representing the state, a peace officer selected by the attorney representing the state, the defendant, and the defendant’s counsel.
(Emphasis added.)
Rule 2.11(8) provides:
Ruling on motion. A pretrial motion shall be determined without unreasonable delay. Where factual issues are involved in determining a motion, the court shall state its essential findings on the record.
(Emphasis added.)
Rule 2.17(1) states in part:
Trial by jury. Cases required to be tried by jury shall be so tried unless the defendant voluntarily and intelligently waives a jury trial in writing and on the record within 30 days after arraignment, or if no waiver is made within 30 days after arraignment the defendant may waive within ten days after the completion of discovery, but not later than ten days prior to the date set for trial, as provided in these rules for good cause shown, and after such times only with the consent of the prosecuting attorney.
(Emphasis added.)
Rule 2.17(2) provides:
Findings. In a case tried without a jury the court shall find the facts specially and on the record, separately stating its conclusions of law and rendering an appropriate verdict.
(Emphasis added.)
Rule 2.23(3)(d) states:
Judgment entered. If no sufficient cause is shown why judgment should not be pronounced, and none appears to the court upon the record, judgment shall be rendered. Prior to such rendition, counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment. In every case the court shall include in the judgment entry the number of the particular section of the Code under which the defendant is sentenced. The court shall state on the record its reason for selecting the particular sentence.
(Emphasis added.)
Finally, rule 2.73(3), relating to appeals in simple misdemeanor cases, provides that “the appeal shall be submitted to the court on the record and any briefs without oral argument, unless otherwise ordered by the court or its designee.” (Emphasis added.)
Our cases and plain logic indicate that “on the record” does not mean the same thing in all seven contexts. As noted by my colleagues, we have interpreted “on the record” as used in rule 2.17(1) to require an in-person colloquy with the defendant. State v. Liddell, 672 N.W.2d 805, 811-12 (Iowa 2003).
On the other hand, we have decided that “on the record” as used in rule 2.23(3)(d) includes a written judgment entry. State v. Lumadue, 622 N.W.2d 302, 304 (Iowa 2001); State v. Johnson, 445 N.W.2d 337, 342-43 (Iowa 1989). Thus, a defendant must waive a right to jury in open court, Liddell, 672 N.W.2d at 811-12, but a judge need not provide his or her reasons for a sentence in open court in the defendant’s presence, Johnson, 445 N.W.2d at 342-43.
Also, although we have not previously decided what “on the record” means in rule 2.11(8), it seems highly unlikely that when the court rules on a pretrial motion, it has to do so in open court in the defendant’s presence. Certainly, that'is not the prevailing practice. Probably, “on the record” as used in rule 2.11(8) includes a written order.
*25 And without doubt, “on the record” as used in rule 2.73(3) has nothing to do with the in-person presence of the defendant.
Additionally, rule 2.2(4)(d)’s reference to making specific findings “on the record” likely does not require those findings to be made in the defendant’s presence. That rule was adopted following decisions of the United States Supreme Court and our court limiting the circumstances under which preliminary hearings could be closed. See 1989 Iowa Acts ch. 332 (now found at Iowa R.Crim. P. 2.2(4)(c£)); Press-Enter. Co. v. Sup. Ct., 478 U.S. 1, 13-14, 106 S.Ct. 2735, 2743, 92 L.Ed.2d 1, 13 (1986); Des Moines Register & Tribune Co. v. Iowa Dist. Ct., 426 N.W.2d 142, 147-48 (Iowa 1988). The underlying concern seems to be that the specific findings would be reviewable on appeal; hence, “on the record.” Press-Enter., 478 U.S. at 13-14, 106 S.Ct. at 2743, 92 L.Ed.2d at 13; Des Moines Register & Tribune Co., 426 N.W.2d at 148. Thus, a written finding would be sufficient.
Lastly, we have not interpreted “on the record” as used in rule 2.2(4)(a). It appears from the context to mean something other than “in writing.” See Iowa R.Crim. P. 2.2(4)(a.) (stating that the magistrate shall inform the defendant of the right to a preliminary hearing “unless the defendant is indicted by a grand jury or a trial information is filed against the defendant or unless preliminary hearing is waived in uniting or on the record ” (emphasis added)). But our precedent would indicate, at least indirectly, that it does not require an in-person colloquy with the defendant. See State v. Brendeland, 402 N.W.2d 444, 445 (Iowa 1987) (stating that “[defendant was bound by her lawyer’s filing of the waiver of preliminary hearing”).
We now have to decide what “on the record” means when the phrase is used in rule 2.17(2). Does it mean the same thing as it does in rule 2.17(1), or does it mean the same thing as it does in rules 2.23(3)(c?) and (presumably) 2.11(8)? I believe the latter is the correct analogy for several reasons.
First, rule 2.17(2) is written like rules 2.11(8) and 2.23(3)(d). It speaks in terms of the court doing something “on the record.” Rule 2.17(1), by contrast, says that a valid waiver by a defendant must be “in writing and on the record.” (Emphasis added.) This difference is significant. If the phrase “on the record” as used in rule 2.17(1) could be satisfied with a written waiver, then the rule would not make sense. In that context “on the record” has to mean something other than “in writing.” Thus, rule 2.17(1) is best understood as requiring the jury waiver occur in writing and “in a reported proceeding in open court.” Liddell, 672 N.W.2d at 812. Because the “in writing” language is not contained in 2.17(2) and we are talking about a court action that is simply “on the record,” there is no apparent reason why we should interpret rule 2.17(2) differently from rules 2.11(8) and 2.23(3)(cf). See Johnson, 445 N.W.2d at 342-43 (interpreting “the record” in the context of rule 2.23(3)(d) to consist of “[t]he original papers and exhibits filed in the trial court, the transcript of proceedings, if any, and a certified copy of the docket and court calendar entries” (citation and internal quotation marks omitted)). Why should “on the record” when the court is pronouncing its sentence mean something different from “on the record” when the court is pronouncing its verdict?
Typically, when we think of court actions that are “on the record,” we have in mind events that become part of the official court record. See id. This is to be contrasted with matters that are “off the record.” See Black’s Law Dictionary 1123 (8th ed.2004) (defining “on the record” to *26 mean “recorded as official evidence of a proceeding, such as a trial or deposition” or “intended for quotation or attribution”). In this sense, something can become part of the official record whether it is a writing or whether it is said aloud before a court reporter. While the context gives us a good reason not to adhere to this definition in the case of rule 2.17(1), there is no contextual reason to abandon the normal understanding of “on the record” with respect to rule 2.17(2).
Moreover, the majority fails to address the rest of the language in rule 2.17(2). As noted, the rule states:
Findings. In a case tried without a jury the court shall find the facts specially and on the record, separately stating its conclusions of law and rendering an appropriate verdict.
The court reads the rule as requiring the court “to announce the verdict in open court,” but not as requiring it to state its factual findings in open court. However, this reverses the way in which the rule is written. It does not say, “The court shall find the facts specially, rendering an appropriate verdict on the record.” It says, “[T]he court shall find the facts specially and on the record, ... rendering an appropriate verdict.” In the words, according to the rule, the facts and not the verdict need to be on the record. In Liddell, we held that “on the record” requires the court to address the defendant in person and tell the defendant what rights he or she is waiving. 672 N.W.2d at 812-14. If “on the record” here does not require the court to read the factual findings aloud, then “on the record” here does not mean the same thing it meant in Liddell.
My colleagues try to make some hay out of the legislative history, but their bales are meager. If we go back to the 1977 legislation, we can see that the legislature made several amendments at the same time to what have since become rules 2.2(4)(a), 2.17(1), 2.17(2), and 2.23. Those amendments are enlightening and read as follows:
Rule two (2), subsection four (4), paragraph a [now rule 2.2(4)(a) ]:
a. PRELIMINARY HEARING. The magistrate shall inform the defendant that he or she is entitled to a preliminary hearing unless the defendant is indicted by a grand jury or a true trial information is filed against the defendant or unless he or she waives the preliminary hearing in writing or on the record....
[[Image here]]
Rule 16 [now rule 2.17]. TRIAL BY JURY OR BY COURT.
1. TRIAL BY COURT ALLOWED. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing in a reported proceeding in open court.
[[Image here]]
[[Image here]]
Rule twenty-two (22), subsection three (3), paragraph d [now rule 2.23]:
d. JUDGMENT ENTERED. If no sufficient cause is shown why judgment should not be pronounced, and none appears to the court upon the record, judgment shall be rendered. Prior to such rendition, counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitiga *27 tion of punishment. In every case the court shall include in the judgment entry the number of the particular section of the Code under which the defendant is sentenced. The court shall state on the record its reason for selecting the particular sentence.
1977 Iowa Acts ch. 153 §§ 6, 44, 66.
Reviewing those amendments together, we can see that the legislature simultaneously inserted the phrase “on the record” in three locations. Significantly, the legislature in 1977 did not adopt the phrase “on the record” with respect to the jury waiver (current rule 2.17(1)). Instead, it changed the prior language — “in writing” — to read “in a reported proceeding in open court.” If the legislature had intended to harmonize the two subsections of 2.17, it is odd that it substituted different phrases in each subsection — “in a reported proceeding in open court” in 2.17(1) and “on the record” in 2.17(2). This suggests that the legislature wanted two different things: The jury waiver had to be in open court in the presence of a court reporter, but the verdict could be rendered in writing or in a recorded proceeding in open court.
My colleagues point out that when the legislature rewrote both halves of what is now rule 2.17 in 1977, it removed the phrase “in writing” from both subsections. But this proves nothing because, as noted, the legislature replaced “in writing” with two different phrases — “in a reported proceeding in open court” in subsection (1) and “on the record” in subsection (2). From this fact, the more logical inference is that the legislature intended two different modifications. Or the legislature could have intended to modify one part of the rule and merely clarify the other part. See NextEra Energy Resources, LLC v. Iowa Utils. Bd., 815 N.W.2d 30, 39-40 (Iowa 2012) (noting that amendments either can be clarifying or can change the meaning of a law). The more illogical inference is that the legislature took two identical phrases in the same section and replaced them with two different phrases with the intention that the two different phrases would actually mean the same thing.
Accordingly, I agree with the court of appeals that rule 2.17(2) “does not have an analogous history [as compared to rule 2.17(1) ] requiring a trial court’s verdict to be given in a reported proceeding in open court.”[7]
II. The Constitutional Question.
Having demonstrated why I believe the majority’s interpretation of rule 2.17(2) is incorrect, I now turn to the majority’s view that we should adopt it nonetheless to avoid constitutional problems. As noted by the majority, its avoidance argument essentially rests on one federal appellate case. See United States v. Canady, 126 F.3d 352 (2d Cir.1997). I am not persuaded by this isolated decision. Canady reasons in a paragraph that the defendant’s presence at the rendering of the verdict is constitutionally required to assure that the court is “ ‘keenly alive to a sense of [its] responsibility and to the importance of [its] functions.’ ” Id. at 361 (quoting Waller *28 v. Georgia, 467 U.S. 39, 46, 104 S.Ct. 2210, 2215, 81 L.Ed.2d 31, 38 (1984)). This strikes me as overstated. The United States Supreme Court has said that “a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.” Kentucky v. Stincer, 482 U.S. 730, 745, 107 S.Ct. 2658, 2667, 96 L.Ed.2d 631, 647 (1987). The defendant “has a due process right ‘to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.’ ” Id. (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-06, 54 S.Ct. 330, 332, 78 L.Ed. 674, 678 (1934), overruled in part on other grounds by Malloy v. Hogan, 378 U.S. 1, 3, 84 S.Ct. 1489, 1491, 12 L.Ed.2d at 654, 656 (1964)). While I fully agree that the defendant has a constitutional right to be present when a jury verdict is returned, this right is based on important considerations peculiar to jury trials, such as the defendant’s right to face the jurors personally, the defendant’s right to poll the jury, the potential for jurors to draw adverse inferences from the defendant’s absence, and the need to take immediate action if there is an inconsistency in the jury verdict. See Larson v. Tansy, 911 F.2d 392, 395-96 (10th Cir.1990); see also Canady, 126 F.3d at 361. I do not believe a district judge needs to have the defendant present when he or she issues a decision in a bench trial in order to be impressed with the importance of what he or she is doing.[8]
The caselaw here is not monolithic. In State v. Wolfe, the Missouri Court of Appeals found that no plain error had occurred when a trial court failed to render its verdict in open court. 103 S.W.3d 915, 917-18 (Mo.Ct.App.2003). As the court explained, “No case in Missouri, cited to or found by us, expressly refers to a constitutional or statutory right of a defendant to be present at the pronouncement of guilt in a court-tried case.” Id. at 917. That court cited two out-of-state cases in support of its decision. Id. at 917-18 (citing Davis v. State, 416 So.2d 444 (Ala.Crim.App.1982), and State v. Cruz, 27 Ariz.App. 44, 550 P.2d 1086 (1976)); see also Bailey v. State, 419 A.2d 925, 927 (Del.1980) (stating that “in a non-jury trial, we can think of no purpose to be served by having a defendant, already in custody, taken to court for the sole purpose of having a letter opinion verdict read to him”); Commonwealth v. Hembree, 751 A.2d 202, 203 (Pa.Super.Ct.2000) (holding, albeit without analysis, that neither the Pennsylvania Constitution nor the United States Constitution guarantees a criminal defendant the right to receive a nonjury verdict in open court). As a Washington appellate court put it:
In the absence of some extraordinary circumstance in which the defendant’s presence would have made a difference, we hold that presentation of findings and conclusions that formalize the *29 court’s decision, announced in the defendant’s presence and based on proceedings at which he or she was present, is not a critical stage of the proceedings. A defendant’s presence at the time findings and conclusions are entered does not have “a relation, reasonably substantial,” to the fulness of his opportunity to defend against the charge.
State v. Corbin, 79 Wash.App. 446, 903 P.2d 999, 1002 (1995) (quoting In re Personal Restraint of Lord, 123 Wash.2d 296, 868 P.2d 835, 844 (1994)); cf. State v. Pruitt, 145 Wash.App. 784, 187 P.3d 326, 333-34 (2008) (distinguishing Corbin where the defendant was absent for the trial itself).
The conceptual flaws in the majority’s decision are further exposed by the majority’s holding on remedy. According to the majority, any statutory or constitutional violation arising from a failure to bring the defendant back to the courtroom for the rendering of the verdict can be remedied by announcing the defendant’s convictions at the sentencing hearing.[9] So much for the majority’s suggestion that the defendant’s personal presence at the rendering of the verdict is constitutionally required because of the possibility the judge might change his or her mind as to the defendant’s guilt. Thus, the majority’s “remedy” consists of nothing more than what routinely happens in any criminal case tried to the court. In any such case, the defendant has to be personally present for sentencing. In order to pronounce sentence, the court has to remind the defendant of what he or she has been convicted of.
Usually, the remedy defines the right. If a violation of the alleged “right” can always be remedied by business as usual, then the right really amounts to nothing more than business as usual. It diminishes the courts when they devote time to finding such “rights.”
The majority also notes several “practical considerations” supporting its conclusion that judges should be required to render nonjury verdicts in criminal cases in the presence of the defendant. Generally they are based on a questionable assumption that a verdict will get to the defendant more quickly if the defendant is required to receive it in person. I think the potential for delay may be just as great if the defendant has to be in the courtroom before the court can render a verdict than if the verdict is sent to him or her, especially in these days of e-mail. The majority says, “[W]e do not want circumstances beyond the court’s control to influence or dictate a criminal defendant’s receipt of the verdict in his or her case.” I don’t know exactly what my colleagues mean by this, but I suspect that sometimes courts have less control over the physical movements of criminal defendants than they do over the mail or e-mail.
I personally think it is a good practice for a trial judge to have the defendant in the courtroom when rendering verdict. As the Canady court noted, this reinforces the importance of what the court is doing in the solemnity of the courtroom. 126 *30 F.3d at 361-62. But I cannot read rule 2.17(2) or the United States or Iowa Constitutions as demanding this practice. A strength of our legal system is that it follows many practices not because they are mandated by law or the Constitution but because they assure dignity and respect for our proceedings.
For the foregoing reasons, I would affirm the district court and uphold the court of appeals decision in its entirety.
CADY, C.J., and WATERMAN, J., join this special concurrence.

. It is true that in 1981, the legislature made further amendments to what became rule 2.17(1), introducing the "on the record” terminology:
1. TRIAL BY GQURT ALLOWED JURY. Cases required to be tried by jury shall be so tried unless the defendant voluntarily and intelligently waives a jury trial in a reported-proeeeding in open-court writing and on the record....
1981 Iowa Acts ch. 206 § 16. However, I do not think legislation four years later is a particularly helpful guide to what the legislature meant in 1977.

. My colleagues also argue that "trials in this country are not to be held in secret.” I agree, but do not understand how a decision in a bench trial that is filed with the clerk is any less public than one announced in open court. In fact, it is more public. Anyone can access that decision by going to the clerk's office or (hopefully soon) by retrieving it electronically. However, if the decision is merely announced in open court, public access is more problematic. Citizens likely will not have advance notice that the court has reached a decision and, therefore, will not be able to attend the proceeding where it is delivered in person. To obtain a copy afterward, they will have to contact the court reporter and order the transcript at their expense unless the transcript becomes part of the appellate record. All of this confirms, in my mind, that the alleged right is not one of constitutional dimensions.

. I realize the majority claims to have decided the case on statutory rather than constitutional grounds and to have provided a statutory rather than a constitutional remedy. However, Jones raised both statutory and constitutional arguments. By deciding it was unnecessary to reach Jones's constitutional arguments, the majority necessarily decided that his remedy for a constitutional violation would have been no broader than his remedy for a statutory violation. Otherwise, my colleagues would have had to reach and definitively resolve Jones’s constitutional arguments.